Green, J.
delivered the opinion of the court.
This action is brought by Perkins on a fifty dollar note of the Holly Springs Banking Company, against Greer, the defendant below, as one of the partners in that company. The defendant relied on the statute of limitations. The court charged the jury in substance, that the statute of limitations would not operate, unless the defendant had shown by proof that payment of said note had been demanded and refused, more than six years before the suit was brought, or that the said note had not been reissued within that time.
It is insisted that there is error- in both propositions of this charge. It is supposed that the Judge intended to instruct the jury, that before a suit could be maintained upon a note payable on demand, an actual demand must be made. This is an erroneous interpretation of the language of the court. The principle asserted in the charge is, that it must be shown by the defendant who relies on the statute of limitations, that the cause of action accrued more than six years, before the suit was brought. And in this case that fact may be shown by proving" a demand more than six years before suit brought, as it will be presumed it was not reissued subsequently to such demand; or if the fact be not shown by some other proof that the note had not been reissued within six years, no cause of action would have existed for the time to form the bar.
We are all of opinion that the court did not err against the plaintiff in error in this charge. The date of a bank note furnishes no presumption that it was put into circulation at that time. They are, as we know, prepared and kept ready for circulation previously- to the time of their actual issuance; and until they are actually issued, no liability is incurred, and no cause of action can exist. And as the banks are constantly receiving their own notes from their debtors, each note so received is thereby paid up and discharged, and no cause of action can exist until it is reissued. Then a new liability is incurred, commencing not from the date of the note, but from the time of such reissuance. Thereforé such a bank, or (if it be *593 unincorporated) such partners of a banking company, who may be sued on their note, to avail themselves of the statute of limitations must show that the cause of action accrued more than six years, that is, it must appear that the note was last issued by the bank more than six years before the suit was brought.
Affirm the judgment.